# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MARK R. CUKER, *et al.* | : CIVIL ACTION |
|---|---|
| v. | : NO. 18-2356 |
| ESTHER E. BEREZOFSKY, *et al.* | : |

## MEMORANDUM

**KEARNEY, J.**                                            **February 19, 2019**

Philadelphia environmental and toxic tort class action lawyers Mark R. Cuker and Esther E. Berezofsky agreed to dissolve their law firm partnership in September 2017 and continue practicing law through their newly formed separate law firms. They also agreed to arbitrate who gets the contingent fee revenue from their partnership's existing cases moving forward. Experienced lawyers who agree to arbitrate their contingent fee distribution disputes upon dissolving their partnership should understand the substantial deference we give to the arbitration panel's reasoned final rulings. Agreeing to final binding arbitration – except for limited grounds – often means waiving rights to "appeal" substantive rulings here.

The three-member arbitration panel (including two former state court judges) issued a final ruling which Mr. Cuker perceives as more beneficial to his former partner. He and his new law practice Cuker Law Firm, LLC now move to vacate the arbitration panel's reasoned final award. Esther E. Berezofsky and her new law firm Berezofsky Law Group, LLC. move to confirm the arbitration award.[1] Mr. Cuker presents no grounds to vacate the reasoned rulings of three experienced arbitrators who he chose to make the final rulings under Pennsylvania law. We deny his motion to vacate and confirm the final award.

## I. Background

Mr. Cuker and Ms. Berezofsky, along with non-party Gerald J. Williams, formed a Pennsylvania partnership operating the law firm Williams Cuker Berezofsky ("Partnership") who, after years of practice together, agreed to dissolve the Partnership.[2] In September 2017, the three partners entered into an Agreement and Plan of Liquidation and Dissolution ("Agreement") to handle the dissolution of the Partnership including a dispute resolution process requiring the parties to resolve any controversy or claim arising out of the Agreement through mediation, and if not resolved through mediation, through final and binding arbitration.[3]

The Agreement provided for a "co-counsel" arrangement where the parties agreed to continue to work together on certain cases, identified in a Schedule attached to the Agreement, as "Co-Counsel Cases."[4] One of the identified "Co-Counsel Cases" is the *In re Flint Water Cases* litigation, a class action brought by residents of Flint, Michigan alleging damages as a result of exposure to contaminated water.[5]

Notwithstanding the Agreement's arbitration mandate, Mr. Cuker and his new law firm filed this case in state court and Ms. Berezofsky properly removed the case here. He alleged Ms. Berezofsky breached the Agreement by refusing to pay him and Mr. Williams money owed to them; by failing to pay agreed upon amounts to the Partnership; by taking a greater amount of money for her new law firm than what the parties agreed to; and, by violating the co-counsel provisions of the Agreement as to the Flint Litigation.[6]

With Mr. Cuker's consent, we granted Ms. Berezofsky's motion to compel arbitration and required the parties provide us with status reports so we could ensure the prompt resolution often touted as a benefit of contractual private arbitration. The experienced Philadelphia lawyers

2

selected the three-member arbitration panel including two highly regarded former state court judges from Philadelphia.

### *The Panel finds in favor of Mr. Berezofsky on the parties' cross-motions for summary disposition.*

During an October 1, 2018 conference with the Panel, the parties agreed "there could be a resolution of legal matters which might reduce or obviate discovery requirements."[7] Neither Mr. Cuker nor Ms. Berezofsky objected to this procedure.[8] As agreed, on October 12, 2018, both parties moved for summary disposition by letter brief.[9] The parties advised us in a joint status report of their scheduled appearance before the Panel regarding their cross-motions for summary disposition.[10]

In his motion for summary disposition, Mr. Cuker argued he is entitled to "corporate opportunities seized by [Ms.] Berezofsky in a deliberate scheme to take those opportunities from him."[11] Mr. Cuker contends the Panel framed the issue as whether he "is entitled to share in any fees generated as a result of [Ms.] Berezofsky's appointment to the Executive Committee" of the consolidated class action complaint in the Flint Litigation pending in the Eastern District of Michigan. Mr. Cuker made five legal arguments supporting his claim Ms. Berezofsky breached the Agreement and her duty to him as co-counsel by (1) failing to agree on and send a notice to clients about the dissolution of the Partnership and right to choose between counsel; (2) secretly recruiting "joint clients" to be class representatives on the consolidated class action complaint in the Flint Litigation excluding Mr. Cuker; (3) secretly arranging to have her new firm, but not Mr. Cuker's firm, listed as class counsel on the consolidated class action complaint in the Flint Litigation; (4) leveraging over 3,000 "joint clients" including the Davises to her firm, refusing to keep Mr. Cuker informed, and obtaining a leadership role on the Flint Litigation Executive Committee while simultaneously preventing Mr. Cuker from continuing to perform common

3

benefit work; and (5) Pennsylvania law entitles Mr. Cuker to a share in the "corporate opportunity" as a remedy for Ms. Berezofsky's alleged tortious interference with Mr. Cuker's contractual relationships with the Davises.[12]

Although Mr. Cuker agreed to motions for summary disposition, his brief to the Panel argued given the facts "it would be premature for the Panel to conclude as a preliminary dispositive matter that [he] is not entitled to share in any fees generated as a result of [Ms.] Berezofsky's appointment to the Executive Committee or dismiss any other aspect of [his] claims."[13]

Ms. Berezofsky argued the Agreement does not require her to share any fees she received for her own work in a leadership position in the Flint Litigation.

On November 15, 2018, the Panel held oral argument on the parties' cross-motions.[14] After considering the parties' briefs and oral argument, the Panel issued its November 19, 2018 "Order and Opinion Re Flint Water Crisis Cases" unanimously finding in favor of Ms. Berezofsky and against Mr. Cuker ("Flint Order").[15]

The Panel's Flint Order concluded, *inter alia*, the Agreement does not require Ms. Berezofsky to share in any fees generated by her work as a member of the Executive Committee in the Flint Litigation.[16] The Panel addressed each of Mr. Cuker's five arguments and explained its reasons for rejecting each argument finding (1) the issue of notice to clients is no longer an issue because "of the ultimate division of clients, with client approval"; neither party sent the other a draft notice; and the notices sent to clients were proper and not challenged; (2) Mr. Cuker could have picked clients to be class representatives, the Agreement did not prohibit him from securing common benefit work himself in the Flint Litigation, and "[i]t does not relate to whether [Ms.] Berezofsky has to pay [Mr.] Cuker any of her fees from the common benefit work she does"; (3) each firm – either Ms. Berezofsky's or Mr. Cuker's firm – could have sought to be listed as class

4

counsel, class counsel is different from being named to the Executive Committee in the Flint Litigation, and being named as class counsel does not mean one would necessarily receive any common benefit fees; (4) the Agreement's co-counsel arranged for individual plaintiffs did not prevent Ms. Berezofsky or Mr. Cuker from obtaining a leadership role; and (5) Pennsylvania law cited by Mr. Cuker does not support his intentional interference with contractual relations claim, finding while Ms. Berezofsky had an obligation not to interfere with Mr. Cuker's efforts to obtain a leadership role in the consolidated class action in the Flint Litigation, she did not have an obligation to assist him in gaining a leadership role. [17]

The Panel also addressed Mr. Cuker's argument, raised for the first time at oral argument, of being premature to grant Ms. Berezofsky's motion for summary disposition because it is possible he could show through discovery Ms. Berezofsky disparaged him and possible disparaging remarks interfered with his ability to gain a leadership position on the Executive Committee of the Flint Litigation. The Panel rejected this argument because Mr. Cuker never applied for any leadership position or common benefit work in the Flint Litigation and, after months of proceedings with "hundreds of pages of pleadings and documents," found the argument waived.[18]

### *The Panel issues a Preliminary Order regarding disputed bills.*

The Panel also issued a "Preliminary Order" on November 19, 2018 regarding the parties' dispute over outstanding bills remaining from the Partnership's dissolution.[19] The Panel addressed eight categories of disputed bills, determining the responsible party for each bill.[20] The parties agreed to the payment of some of the bills and the Panel ordered some bills to be paid by Ms. Berezofsky, or Mr. Cuker and Ms. Berezofsky, or their former Partnership. The Panel ruled its

Preliminary Order will become final unless a party asked for reconsideration by November 29, 2018.

### *The Panel denies Mr. Cuker's motion for reconsideration of its Flint Order.*

Mr. Cuker timely moved for reconsideration and leave to amend his prayer for relief.[21] Mr. Cuker argued the Panel erred in four ways when it: (1) *sua sponte* "encouraged" Ms. Berezofsky to move for summary disposition of Mr. Cuker's "primary claim," stayed discovery before the parties took any discovery, and granted Ms. Berezofsky's motion for summary disposition based on an issue which, "as framed" by the Panel, mischaracterizes Mr. Cuker's claims; (2) *sua sponte* ruled Mr. Cuker waived his claim of disparagement as a basis of his claim Ms. Berezofsky violated the Agreement; (3) *sua sponte* found the novation of the Agreement by an "unwritten agreement to divide servicing of clients in furtherance" of the "Co-Counsel Matters" section of the Agreement; and, (4) found negotiated provisions of the Agreement containing affirmative obligations such as "cooperate," "act," and "keep each other reasonably informed" imposed no affirmative obligations.[22] Mr. Cuker also sought leave to amend the prayer for relief in his complaint to seek actual damages; punitive damages; injunctive relief; a declaration the Flint consolidated class action is a "Co-Counsel Case" under the Agreement for which he is entitled to participate as co-counsel; and, such other relief as is just.[23]

The Panel promptly issued a reasoned opinion finding no grounds to reconsider its rulings. The Panel addressed and rejected each of Mr. Cuker's four arguments finding (1) it did not err in directing motions for summary disposition where the "purpose of arbitration is to reach an expeditious result without subjecting the parties to huge sums of counsel fees for discovery and other pre-trial matters," the parties agreed to resolution by summary disposition, the issues were thoroughly briefed and fully argued, the Panel resolved the issue of the return of capital

6

contributions and outstanding bills, and the Agreement to which Mr. Cuker agreed did not require Ms. Berezofsky to share fees gained in leadership roles, and "[h]aving failed to seek such work, [Mr.] Cuker cannot complain that he did not get any, although he might seek that in the future"; (2) it did not err in finding Mr. Cuker waived a disparagement claim; (3) it did not err in finding a novation of the Agreement because it is undisputed, as a result of the animosity between Mr. Cuker and Ms. Berezofsky, the parties agreed to represent half of the clients, an arrangement all clients agreed to, and "any claim there was something improper about the now ended 'joint representation' is irrelevant"; and (4) it did not err in finding certain "express" terms in the Agreement did not impose "affirmative obligations" on the parties because the Davises already had a relationship with Ms. Berezofsky and Mr. Cuker could have "just as easily" asked other clients to be a representative client but Mr. Cuker failed to do so, and because the Panel found "no showing that this has resulted in any damage" to Mr. Cuker.[24]

The Panel also denied Mr. Cuker's motion for leave to amend his prayer for relief, explaining it either resolved or ruled on Mr. Cuker's claims surrounding return of capital contributions, payment of bills, fees from hip device cases, Ms. Berezofsky's alleged improper action with regard to the Flint Litigation, and the intentional interference with contractual relations claim and "[a]nything else was not pled and not brought before the Arbitration panel after hundreds of pages of pleadings and briefs and full argument. It is too late to raise different issues now."[25] The Panel concluded it is "satisfied" its Flint Order "is correct and it shall stand as law of the case."[26]

### *The Panel issues its Final Arbitration Award.*

On December 14, 2018, Mr. Cuker moved in this court for an extension of time to complete arbitration.[27] Mr. Cuker asked to extend the time for arbitration because, although the Panel

7

resolved "most of the issues in dispute," it did not resolve two outstanding issues: (1) a final order implementing the November 19, 2018 Preliminary Order regarding outstanding bills; and (2) although Preliminary Order resolved the dispute over hip device cases, the parties disagreed on the how to allocate fees in those cases.[28] We granted Mr. Cuker's motion for an extension of time to allow the parties additional time to obtain final rulings from the Panel before moving for relief here.[29]

On January 29, 2019, the Panel issued its Final Arbitration Award, entering as final its:

- November 19, 2018 Flint Order;[30]

- November 19, 2018 Preliminary Order on disputed bills;[31]

- December 3, 2018 Order denying Mr. Cuker's motion for reconsideration and for leave to amend his prayer for relief;[32] and

- December 6, 2018 Order granting interest to Mr. Cuker from Ms. Berezofsky.[33]

The Panel deemed all other claims not otherwise addressed by its four orders or its final arbitration award denied or withdrawn with prejudice, and ordered the payment of outstanding bills, the disbursement of funds held by the Partnership and of funds escrowed by Ms. Berezofsky, including the disbursement of funds relating to hip device cases.[34]

## II. Analysis

Mr. Cuker now moves to vacate the final arbitration award and Ms. Berezofsky moves to confirm it.[35] We confirm the Panel's well-reasoned January 29, 2019 Final Arbitration Award.

Our review of the Panel's award "could be generously described only as extremely deferential."[36] We are permitted to vacate arbitration awards only in "exceedingly narrow" circumstances.[37] "[M]indful of the strong federal policy in favor of commercial arbitration, we begin with the presumption that the award is enforceable"[38] and we must confirm the award unless

8

there are grounds for vacating the award under the narrow circumstances Congress defined in Section 10 of the Federal Arbitration Act (the "Act").[39]

Arbitration awards may be vacated under Section 10 of the Act where: (1) procured by corruption, fraud, or undue means; (2) the arbitrator demonstrated evident partiality or corruption; (3) the arbitrator was guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced; or (4) the arbitrator exceeded her powers or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made.[40] Mr. Cuker carries a heavy burden to show the Panel's award should be set aside.[41]

### A. The Panel did not "commit misconduct" by "refusing to hear evidence pertinent and material to the controversy."

Mr. Cuker seeks to vacate the Panel's final award under Section 10(a)(3), alleging the Panel "committed misconduct" by "refusing to hear evidence pertinent and material to the controversy."

"Error in the exclusion of evidence will only support vacatur if it is 'in bad faith or so gross as to amount to affirmative misconduct.'"[42] The "ultimate question" is "whether the error deprived a party of a fair hearing," found only in "extreme circumstances."[43] To obtain vacatur under Section 10(a)(3), there must be a "fundamental procedural error" so prejudicial as to result in "fundamental unfairness."[44] Our Court of Appeals provides examples of "procedural irregularities" sufficient to vacate an arbitration award: where an arbitrator went outside the record and based the decision on findings from a different arbitration proceeding; where an arbitrator refused to admit evidence in rebuttal without giving parties warning about application of evidentiary rules; and where a neutral arbitrator rendered a decision without obtaining the signatures of the other partisan arbitrators

9

showing a "lack of evidence of any significant decision-making process by the majority of the board."[45]

There are no such procedural irregularities here. Mr. Cuker contends, as a threshold matter, arbitrators are not authorized to grant summary disposition of a case without hearing all material evidence. He argues the Panel deprived him of a hearing by ruling on the case dispositive motions without affording him the right to take discovery, to present testimony and evidence at a hearing, and without allowing him to confront and cross-examine witnesses. As a result, Mr. Cuker argues, the Panel denied him a "fundamentally fair hearing" and "committed misconduct" by failing to hear evidence on his disparagement, breach of contract, and intentional interference with contractual relations claims.

We disagree with Mr. Cuker's threshold argument arbitrators "are not authorized to grant a summary disposition of a case without hearing."[46] This is not the law in this Circuit. Our Court of Appeals allows summary disposition of claims in arbitration; "fundamental fairness is not implicated by an arbitration panel's decision to forego an evidentiary hearing because of its conclusion that there were no genuine issues of material fact in dispute. An evidentiary hearing will not be required just to find out whether real issues surface in a case."[47]

Mr. Cuker relies heavily on *Prudential Sec., Inc. v. Dalton*,[48] for the proposition "an arbitration panel should never be able to dismiss a Claimant's demand for arbitration for failure to state a claim, and without giving the claimant a hearing or an opportunity to introduce evidence, unless the claim is 'facially deficient.'" In *Dalton*, a case not cited by any court in this Circuit, the court found an arbitration panel had the authority to dismiss facially deficient claims.[49] The district court in *Dalton* found, on the facts of the case, the arbitration panel guilty of misconduct in refusing to hear evidence pertinent and material to the controversy and exceeded its powers in granting the

10

motion to dismiss without hearing evidence.[50] The court held "[b]efore an arbitration panel should be able to dismiss a claim for failure to state a claim upon which relief can be granted, the claim should be facially deficient. Such is not the case here for if the allegations of the claimant's complaint are taken to be true, he would be entitled to some form of relief," and without a hearing denied him fundamental fairness.[51]

Mr. Cuker bootstraps the *Dalton* case to argue this case is "in effect a Motion to Dismiss that [the Panel] solicited and then refused to allow Cuker to amend its pleading" and denied him discovery.[52] We reject this argument in its entirety.

### *The Agreement allows the Panel to determine discovery and Mr. Cuker agreed to a discovery procedure with Ms. Berezofsky and the Panel.*

In her response to Mr. Cuker's motion to vacate the final arbitration award, Ms. Berezofsky argues the Agreement itself allows the Panel to determine discovery issues; the Panel provided for discovery in a scheduling order; the Panel held a pre-hearing conference to address discovery issues; ordered discovery limited to the Flint litigation but stayed discovery pending cross-motions for summary disposition; and, Mr. Cuker agreed to this procedure.[53]

First, Mr. Cuker agreed to the dispute resolution provision in the Agreement providing, *inter alia*, "[t]he mediator and arbitrator(s) **shall** determine whether and the extent of any discovery or information sharing among the parties."[54] Ms. Berezofsky argues Mr. Cuker's motion to vacate the arbitration award seeks to enforce the Agreement he characterizes as "vigorously negotiated" through his counsel and cannot now ask the court to disregard the terms of the Agreement regarding discovery. We agree, and also point out Mr. Cuker cannot evade the terms of the dispute resolution provision while at the same time seek to enforce the Agreement against Ms. Berezofsky.

Ms. Berezofsky additionally points to the Panel's scheduling order and the parties' pre-hearing conference with the Panel regarding discovery. As permitted by the Agreement, the Panel

11

issued a scheduling order addressing discovery: "After the issues are framed by the pleadings, the parties shall confer about what discovery they can agree to exchange. To the extent there are disagreements about the scope of permissible discovery, they shall be brought to the panel's attention on October 1, 2018."[55]

Consistent with the scheduling order, the parties held a pre-hearing conference on October 1, 2018 regarding discovery. Counsel for Ms. Berezofsky prepared an email on October 2, 2018 addressed to the Panel, Mr. Cuker's counsel, Mr. Cuker, and Mr. Williams, summarizing, "as directed by the panel yesterday," items discussed including the exchange of certain documents and "[d]iscovery shall be stayed pending ruling on the motion regarding the Flint class action."[56] Mr. Cuker's counsel agreed to the discovery stay "except as to the other exchanges addressed here" referring to the exchanges of documents between the parties.[57] Mr. Cuker's counsel additionally agreed to the exchange of identified documents.[58] This is consistent with the Panel's review of the procedural history in its decision denying Mr. Cuker's motion for reconsideration.[59] Mr. Cuker cannot now argue, after agreeing to this procedure, the Panel denied him discovery and thus "committed misconduct."

### *The Panel afforded Mr. Cuker fair process.*

Mr. Cuker had the opportunity to fully brief and argue his motion for summary disposition. We cannot find the process afforded by the Panel is of such "fundamental procedural error" as to result in "fundamental unfairness." Ms. Berezofsky responds the Panel's final arbitration award made numerous findings, several in favor of Mr. Cuker and in her favor on the Flint cases, and argues Mr. Cuker raised the same issues before the Panel as raised in his motion to vacate the final arbitration award.

12

To the extent Mr. Cuker complains of the issue improperly framed by the Panel, we disagree it deprived him of a fair hearing. After the October 1, 2018 meeting, Mr. Cuker objected to Ms. Berezofsky's counsel's summary of the issue to be decided on summary disposition. Mr. Cuker's counsel framed the issue – "according to his notes" – as "whether Cuker is entitled to share in any fees generated as a result of Berzofksy's [sic] appointment to the Executive Committee."[60] Ms. Berezofsky and the Panel adopted Mr. Cuker's "framing" of the issue.[61]

We deny any claim the Panel denied Mr. Cuker a "fundamentally fair hearing" and "committed misconduct" by failing to hear evidence on his disparagement, breach of contract, and intentional interference with contractual relations claims. In its order denying reconsideration, the Panel explained it did not err in finding Mr. Cuker waived his claim Ms. Berezofsky's disparagement violated the Agreement because "it was later agreed that the Davis plaintiffs should go to Berezofsky [and] this is moot."[62]

We disagree the Panel "failed to hear evidence" on Mr. Cuker's breach of contract and intentional interference with contractual relations claims. The Panel considered the parties' brief with supporting exhibits and heard oral argument. On December 14, 2018, Mr. Cuker moved for an extension of time swearing to two open issues: a final order implementing the preliminary Order on bills and direction on future distribution of Partnership revenue; and, how the Panel would allocate fees to four other cases. He did not mention the issues raised today; he did not argue the Panel made decisions without a fair hearing. If there were open issues, Mr. Cuker had the opportunity to challenge these issues before the Panel, or at a minimum, tell us on December 14, 2018 of these open issues. The Panel addressed the issues in its Flint Opinion and explained the reasoning in its order denying Mr. Cuker's motion for reconsideration. Mr. Cuker disagrees with

13

the Panel's finding. But this is not a reason for vacatur. The Panel did not commit misconduct and there is no fundamental unfairness to Mr. Cuker.

## B. The Panel did not act in manifest disregard of the law.

Mr. Cuker also seeks to vacate the award arguing the Panel acted in manifest disregard of the law by refusing to consider the Agreement and its "purpose and meaning" and instead ignored the Agreement in its entirety. Contrary to Mr. Cuker's assertion, our Court of Appeals does not "fully recognize[] manifest disregard of the law as an additional ground for vacatur." Our Court of Appeals has not decided the issue since the Supreme Court's 2008 decision in *Hall Street Associates LLC v. Mattel, Inc.*[63] Even assuming manifest disregard for the law is a basis for vacatur, we find the Panel did not manifest disregard for the law.

To vacate an arbitration under a manifest disregard of the law standard, Mr. Cuker must establish the Panel "(1) knew of the relevant legal principle, (2) appreciated that this principle controlled the outcome of the disputed issue, and (3) nonetheless willfully flouted the governing law by refusing to apply it."[64] The standard "requires more than legal error."[65] The Panel's decision "'must fly in the face of clearly established legal precedent' such as where an arbitrator 'appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it.'"[66] This is an "extremely deferential" standard.[67]

Mr. Cuker argues, "aside from the disparagement claim," this is a "straightforward" breach of contract case and the Panel "disregarded its purpose and meaning." He again argues the Panel failed to hold a hearing and "conducted no analysis of what the parties intended" by including in the Agreement "affirmative obligations" such as "cooperate and act in good faith in the handling of such Co-Counsel Cases"; "keep each other reasonably informed"; or "agree to a form letter to

be sent from WCB" and instead "simply ignored the Agreement in its entirety in manifest disregard" of contract law.

A review of the Panel's Flint Order belies this argument. The Panel's Flint Order specifically addressed Mr. Cuker's claims Ms. Berezofsky breached certain provisions of the Agreement. The Panel addressed the Agreement; it specifically referenced the "Co-Counsel Matters" provision of the Agreement and its language; addressed each of Mr. Cuker's arguments alleging Ms. Berezofsky's breaches of the Agreement; discussed the parties' obligations under the Agreement and concluded Ms. Berezofsky did not breach it. The Panel's final arbitration award is not in manifest disregard of contract law.

### III. Conclusion

Lawyers choosing final arbitration over a federal jury's decision because they assume it may be more efficient and less costly are often incorrect in their assumption and, unlike appealing our decisions to the Court of Appeals, cannot then use this court as a court of arbitration appeals. In the accompanying Order, we deny Mr. Cuker's motion to vacate the arbitration award and grant Ms. Berezofsky's motion to confirm the Panel's final arbitration award constituting judgment in this matter. We enter judgment today confirming the Panel's Final Decision.

---

[1] ECF Doc. No. 26.

[2] Complaint at ¶¶ 3-8 (ECF Doc. No. 1-1). Mr. Williams is not a party to this action.

[3] ECF Doc. No. 10-1 at ¶ 28. The dispute resolution provision provided, in part, "[e]xcept as provided in this Agreement whereby a party may seek injunctive or other equitable relief, all controversies or claims arising out of or relating to this Agreement shall be settled through mediation. Any issues that are not resolved through mediation shall be submitted for arbitration. The award of the arbitrator shall be final and binding upon the parties and judgment upon the award rendered may be entered in any Court having jurisdiction thereof." *Id.* at ¶ 28(a).

[4] ECF Doc. No. 10-1 at ¶ 8.

15

[5] *In re Flint Water Cases* is pending in the United States District Court for the Eastern District of Michigan ("Flint Litigation").

[6] ECF Doc. No. 10-1 at ¶¶ 11-30; 31-56. Mr. Cuker alleges he and Ms. Berezofsky are counsel for Darrell and Barbara Davis, parties in the consolidated class action complaint in the Flint Litigation, and alleges Ms. Berezofsky excluded him from the Davises' action in violation of the Co-Counsel Cases provision of the Agreement. In addition to the contract claims, Mr. Cuker alleged a state law claim for intentional interference with his contractual relationship with the Davises. *Id.* at ¶¶ 57-61.

[7] ECF Doc. No. 28-10 at 2.

[8] *Id.*

[9] ECF Doc. Nos. 28-4, 28-5.

[10] ECF Doc. No. 18.

[11] ECF Doc. No. 28-4 at 1.

[12] ECF Doc. No. 28-4.

[13] *Id.* at 5.

[14] ECF Doc. No. 21.

[15] ECF Doc. No. 28-3.

[16] *Id.*

[17] *Id.* at 3-4.

[18] *Id.* at 4-5.

[19] ECF Doc. No. 26-2 at 17. When referring to ECF Doc. No. 26-2, we use the pagination assigned to the document by the CM/ECF docketing system.

[20] The Panel later awarded Mr. Cuker interest to be paid by Ms. Berezofsky on return of capital due to Mr. Cuker. ECF Doc. No. 26-2 at 27.

[21] ECF Doc. No. 28-8.

[22] *Id.*

[23] ECF Doc. No. 28-2 at 14.

[24] ECF Doc. No. 28-10.

[25] *Id.* at 4.

[26] *Id.* at 5.

[27] ECF Doc. No. 24.

[28] *Id.* at ¶ 2.

[29] ECF Doc. No. 25. We allowed the parties to move for relief within ten calendar days of the entry of a final ruling from the Panel, but no later than February 1, 2019.

[30] ECF Doc. No. 26-2 at 11.

[31] *Id.* at 17.

[32] *Id.* at 21.

[33] *Id.* at 27.

[34] *Id.* at 5-6, ¶¶ 5-9.

[35] *See* ECF Docs. No. 26, 28, 29, 30.

[36] *Dluhos v. Strasberg,* 321 F.3d 365, 372 (3d Cir. 2003).

[37] *Benhenni v. Bayesian Efficient Strategic Trading, LLC,* 692 F.App'x 94, 96 (3d Cir. 2017) (quoting *Freeman v. Pittsburgh Glass Works, LLC,* 709 F.3d 240, 251 (3d Cir. 2013)).; *Rita's Water Ice Franchise Co. v. Simply Ices, Inc.,* No. 08-2011, 2008 WL 4483812 *2 (E.D.Pa. 2008) (quoting *Dluhos,* 321 F.3d at 370).

[38] *Sutter v. Oxford Health Plans LLC,* 675 F.3d 215, 219 (3d Cir. 2012); *aff'd* 569 U.S. 564 (2013).

[39] *Hall St. Assocs. LLC v. Mattel, Inc.,* 552 U.S. 576, 586–87 (2008).

[40] 9 U.S.C. § 10(a)(1)-(4).

[41] *Benhenni,* 692 F.App'x at 96 (quoting *Oxford Health Plans LLC v. Sutter,* 569 U.S. 564, 568 (2013)).

[42] *Prospect CCMC, LLC v. CCNA/Pa. Assoc. of Staff Nurses and Allied Prof'ls,* No. 18-174, 2019 WL 342713, * 7 (E.D. Pa. Jan. 28, 2019) (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.,* 484 U.S. 29, 40 (1987)).

[43] *Id.*

17

[44] *Morgan Stanley Smith Barney LLC v. Walker*, No. 17-5635, 2018 WL 2561062, * 4 (E.D. Pa. June 1, 2018) (quoting *Teamsters Local 312 v. Matlack, Inc.*, 1118 F.3d 985, 995 (3d Cir. 1997)); *see also Whitehead v. Pullman Grp., LLC*, 811 F.3d 116 (3d Cir. 2016) (procedural irregularities must be so prejudicial as to result in "fundamental unfairness," citing *Teamsters Local 312*).

[45] *Teamsters Local 312*, 118 F.3d at 995 (collecting cases with examples in parentheticals).

[46] *Sherrock Bros., Inc. v. DaimlerChrysler Motors Co., LLC*, 260 F.App'x 497, 501-02 (3d Cir. 2008) (collecting cases).

[47] *Id.* at 502.

[48] 929 F. Supp. 1411 (N.D. Okla. 1996).

[49] *Id.* at 1417.

[50] *Id.*

[51] *Id.* at 1417-18.

[52] Mr. Cuker also contends the Panel's initial ruling is "rife with factual assumptions and conclusions which have no business in a ruling on a motion to dismiss."

[53] ECF Doc. No. 30 at 4-6.

[54] ECF Doc. No. 10 at ¶ 28(b) (emphasis added).

[55] ECF Doc. No. 28-12 at ¶ 3.a.

[56] ECF Doc. No. 26-2 at 30-31.

[57] *Id.* at 30.

[58] *Id.*

[59] ECF Doc. No. 28-10 at 2. In its Order and Opinion denying Mr. Cuker's Motion for reconsideration, the Panel rejected Mr. Cuker's argument the Panel erred, *inter alia*, in staying discovery "before any discovery was exchanged" finding Mr. Cuker did not object to the "resolution of legal matters which might reduce or obviate discovery requirements" and agreed to summary disposition.

[60] ECF Doc. No. 26-2 at 30.

[61] ECF Doc. No. 28-4.

[62] ECF Doc. No. 28-10 at 2.

[63] Before the Supreme Court's decision in *Hall Street Associates*, our Court of Appeals held a district court may vacate an arbitration award if the "arbitrator's decision evidences a manifest disregard for the law" even though it is not one of the statutorily prescribed grounds for vacatur. *Dluhos*, 321 F.3d at 369 (internal quotation marks omitted); *Tanoma Min. Co. v. Local Union No. 1269 United Mine Workers*, 896 F.2d 745, 749 (3d Cir.1990). This theory permits vacatur where a party shows the "arbitrators were fully aware of the existence of a clearly defined governing legal principle, but refused to apply it, in effect, ignoring it." *Duferco v. Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir.2003).

In *Hall Street Associates*, the Supreme Court held "the grounds for vacatur ... provided by § ... 10 ... of the FAA are exclusive." 552 U.S. at 581. Since then, the courts of appeals are split on whether manifest disregard of the law remains a viable ground for vacating an arbitration award. Our Court of Appeals has not decided this issue. *See Ross Dress for Less Inc. v. VIWP, L.P.*, No. 17-3145, 2018 WL 5291035, *3 n.1 (3d Cir. Oct. 24, 2018); *see also Bellantuono v. ICAP Sec. USA, LLC*, 557 F. App'x 168, 173-74 (3d Cir. 2014) ("[w]e have yet to determine if manifest disregard survives *Hall Street Associates, LLC*. Despite an emerging Circuit split, we need not resolve this issue today"). In *Ross Dress for Less*, our Court of Appeals did not decide the issue because, even assuming manifest disregard of the law supports an independent ground for vacatur, the defendant failed to demonstrate the arbitration panel manifestly disregarded the law.

[64] *Paul Green Sch. of Rock Music Franchising, LLC v. Smith*, 389 F.App'x 172, 177 (3d Cir. 2010).

[65] *Whitehead v. Pullman Grp. LLC*, 811 F.3d 116, 121 (3d Cir. 2016).

[66] *Id.* at 121 (citations omitted).

[67] *Id.* (citing *Dluhos*, 321 F.3d at 370).

19